**Kenneth FEDOR and William Sheridan**

v.

**HYGRADE FOOD PRODUCTS CORPORATION and U.F.C.W.—Local 195.**

Civ. A. No. 81–2596.

United States District Court, E. D. Pennsylvania.

Feb. 12, 1982.

---

Saul Doner, Philadelphia, Pa., for plaintiffs.

Andrew S. Price, Philadelphia, Pa., for Hygrade Food Products Corp.

Mark P. Muller, Philadelphia, Pa., for United Food and Commercial Workers, Local 195.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Plaintiffs Kenneth Fedor and William Sheridan originally filed the present action in state court to challenge an arbitrator's decision upholding their discharge from employment. Defendants Hygrade Food Corporation ("Hygrade") and Local 195 of the United Food and Commercial Workers Union ("Local Union 195"), plaintiffs' former employer and union local, respectively, subsequently removed the action to federal court because of the alleged existence of federal question jurisdiction. See 28 U.S.C. § 1441(b). Presently before the Court is defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). For the reasons set forth below, the motion will be granted.

For purposes of the Court's consideration of a motion for judgment on the pleadings, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1368, at 691 (1969). In light of this standard, the pleadings state the following facts. Plaintiffs Fedor and Sheridan were discharged from their employment with defendant Hygrade on December 18, 1980, because of alleged violations of governing work rules. Pursuant to the existing collective bargaining agreement between Hygrade and Local 195, plaintiffs filed a grievance. The grievance went to arbitration and a hearing was held on February 17, 1981, at which plaintiffs were represented by Local 195 and its counsel. On March 3, 1981, the arbitrator issued his decision upholding the discharge, copies of which plaintiffs received several days later. Local 195 refused, despite plaintiffs' demands, to take any further action.

On June 8, 1981, plaintiffs filed the present action, in which they allege that Hygrade's discharge of plaintiffs violated the collective bargaining agreement, and

that Local 195 breached its duty of fair representation. In addition, plaintiffs allege that "plaintiffs have also learned and believe that several of the witnesses produced by the defendant Hygrade at the arbitration hearing had testified untruthfully and that untruthful testimony was the basis for the arbitrators [sic] decision." Plaintiffs seek to have the arbitrator's award and their discharge set aside, and to be reinstated with back pay and reimbursement for all expenses. The action has since been removed to federal court because plaintiffs' claims of wrongful discharge and breach of duty of fair representation are properly brought under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See* 28 U.S.C. § 1441(b).

In their motion, defendants principally contend that plaintiffs' claims, if any, are barred by the applicable statute of limitations. Congress has not enacted a statute of limitations to govern actions brought under § 301. Accordingly, "the timeliness of a § 301 suit, such as the present one, is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–13, 15 L.Ed.2d 58 (1966) (footnote omitted). Determining which statute of limitations is appropriate requires "an examination of the nature of the federal claim and the federal policies involved." *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981) (citation omitted).

■ In the present case, plaintiffs raise essentially the same claims that were presented to the arbitrator: whether they were discharged without just cause and in violation of the collective bargaining agreement. The relief sought, reinstatement with back pay, is as much as plaintiffs could have obtained through arbitration, although the precise form of relief sought at arbitration is not stated in the pleadings. Thus, plaintiffs' action is properly characterized as one to vacate an arbitration award. *United Parcel Service, Inc. v. Mitchell, su-*

*pra*, 101 S.Ct. at 1562; *Liotta v. National Forge Co.*, 629 F.2d 903, 905–906 (3d Cir. 1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981); *Sheeran v. M. A. Bruder & Sons, Inc.*, 524 F.Supp. 567 (E.D.Pa.1981). Under recently amended Pennsylvania law, an action to vacate an arbitration award must be brought within 30 days after delivery of a copy of the award to the person challenging the award. 42 Pa.Cons.Stat.Ann. § 7314(b) (Purdon Supp.1981) (effective October 5, 1980). This statute, part of the Uniform Arbitration Act, replaced the three-month statute of limitations previously applicable to such actions. *See* Pa.Stat.Ann. tit. 5, § 173 (Purdon 1963) (repealed). In *Liotta v. National Forge Co.*, the Third Circuit had determined that Pennsylvania's three-month statute of limitations previously in force governed section 301 actions like the one presently before us. It follows that the new 30-day statute should similarly govern such actions. *See Fogel v. International Brotherhood of Teamsters, Local 773*, No. 81–1671, slip op. at 2 n.1 (E.D.Pa. Jan. 26, 1981). *See also* 42 Pa.Cons.Stat.Ann. 7302(b) (providing that the provisions of the Uniform Arbitration Act is intended to govern arbitrations of controversies arising out of collective bargaining agreements).

Of course, since the choice of limitation period is a matter of federal law rather than state, *International Union, UAW v. Hoosier Cardinal Corp., supra*, 383 U.S. at 704–705, 86 S.Ct. at 1112–13, it is conceivable that a state could enact a statute of limitations applicable on its face to section 301 actions but inconsistent with federal labor policy. Under those circumstances, a federal court might have to decline to apply the state limitation period. However, the principal point of federal labor policy emphasized in Supreme Court cases involving a choice of limitation periods has been the need for the speedy resolution of labor disputes. *United Parcel Service, Inc. v. Mitchell, supra*, 101 S.Ct. at 1564; *International Union, UAW v. Hoosier Cardinal Corp., supra*, 383 U.S. at 707, 86 S.Ct. at 1114. Thus, application of Pennsylvania's new, shorter 30-day statute of limitations would only

enhance the implementation of federal labor policy, and accordingly would provide at least as appropriate a limitation period as that provided by the previous three-month limitation.

■ Furthermore, in holding that Pennsylvania's 30-day statute of limitations controls, we reject plaintiffs' argument that the timeliness of their action should be measured by the six-month statute of limitations of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), as suggested by Justice Stewart in his concurrence in *United Parcel Service, Inc. v. Mitchell, supra,* 101 S.Ct. at 1565–1568. As noted by Judge Pollak of this Court, we are bound by the Third Circuit's decision in *Liotta* to apply Pennsylvania's statute of limitations governing actions to vacate the award of an arbitrator. *Sheeran v. M. A. Bruder & Sons, Inc., supra,* at 571 n.3. Thus, we may not consider whether the six-month limitation period of section 10(b) should apply.

■ Plaintiffs also appear to suggest that plaintiffs' action against Local 195 may be governed by a different statute of limitations than that which controls their action against Hygrade. In a separate concurring and dissenting opinion filed in *United Parcel,* Justice Stevens suggested that courts should distinguish between an employee's claim against his employer for wrongful discharge and his claim against his union for a breach of duty of fair representation:

> The claim against the union may not, in my judgment, be characterized as an action to vacate an arbitration award. The arbitration proceeding did not, and indeed, could not, resolve the employee's claim against the union. Although the union was a party to the arbitration, it acted only as the employee's representative; the Joint Panel did not address or resolve any dispute between the employee and the union. Therefore, with respect to the employee's action against the union, the finality and certainty of arbitration are not threatened by the prospect that the employee might prevail on his

judicial claim. Because no arbitrator has decided the primary issue presented by this claim, no arbitration award need be undone, even if the employee ultimately prevails.

The employee's claim against his union is properly characterized, not as an action to vacate an arbitration award, but rather as a malpractice claim. There is no conceptual reason why that claim may not survive even if the employer is able to rely on the arbitration award as a conclusive determination of its obligations under the collective-bargaining agreement. Thus, by analogy, a lawyer who negligently allows the statute of limitations to run on his client's valid claim may be liable to his client even though the original defendant no longer has any exposure.

*United Parcel Service, Inc. v. Mitchell, supra,* 101 S.Ct. at 1568, 1569–1570 (Stevens, J., concurring in part and dissenting in part) (citation and footnotes omitted). This analysis has apparently persuaded at least one member of this Court to recognize such a distinction. *Simms v. NVF Corp.,* No. 81–3494, slip op. at 6 (January 8, 1982) (VanArtsdalen, J.).

The Court must nevertheless agree with the opposing view that *United Parcel* requires courts to apply the same statute of limitations to both an employee's claim against his employer and his claim against his union. *Fogel v. International Brotherhood of Teamsters, Local No. 773,* No. 81–1671 (January 26, 1982) (Troutman, J.). For example, the opinion of the Court in *United Parcel,* in which six justices joined, interpreted the Court's decision in *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976) as "suggesting that the suits it sanctioned [for a union's breach of duty of fair representation] are aptly characterized as ones to vacate arbitration decisions." *United Parcel Service, Inc. v. Mitchell, supra,* 101 S.Ct. at 1563. The same conclusion is also supported by the portion of the Court's opinion which distinguished an action such as plain-

tiffs' here from an ordinary breach of contract action. The Court there pointed out that, to prevail against either the company or the union, an employee must not only show a discharge violating the collective bargaining agreement, but must also show a breach of duty by the union. *Id.* In the Court's view, "[t]his ... makes the suit more analogous to an action to vacate an arbitration award than to a straight contract action." *Id.* at 1564. In a footnote, the Court then stated the following:

> Respondent suggests Hines actions might also be characterized as actions upon a statute, personal injury actions, or malpractice actions, all governed by a 3-year limitations period in New York, [citation omitted] .... All of these characterizations suffer from the same flaw as the effort to characterize the action as one for breach of contract: they overlook the fact that an arbitration award stands between the employee and any relief which may be awarded against the company.

*Id.* at 1564 n.4. Thus, the Court appears to have rejected the analysis of Justice Stevens, which was based at least in part upon characterizing the employee's breach of duty suit as a malpractice claim. The paragraph of text following the Court's footnote, by referring to the employee's suit against the *union* while discussing the appropriateness of short limitations periods, also suggests the Court intended that the same limitations period should govern both claims. Even Justice Stewart in his concurrence, while arguing in favor of applying § 10(b) of the National Labor Relations Act, stated that "the two elements of respondent's hybrid action cannot be disentangled: the duty of fair representation is 'part and parcel of [the] § 301 claim.'" *Id.* at 1565, 1567 (Stewart, J., concurring), *quoting Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Accordingly, this Court believes the passages quoted above require it to hold that the plaintiffs' action against Local 195, as well as their action against Hygrade, is governed by Pennsylvania's statute of limitations for actions brought to vacate an arbitrator's award.

Plaintiffs seek to avoid the effect of the statute by contending that their complaint, fairly interpreted, states a claim that the arbitrator's award is predicated upon fraud, and that the statute of limitations is accordingly tolled. *See* 42 Pa.Cons.Stat.Ann. § 7314(b). Plaintiffs' complaint, however, cannot be so read. The sole allegation even remotely touching upon fraud states "[t]hat the plaintiffs have also learned and believe that several of the witnesses produced by the defendant Hygrade at the arbitration hearing had testified untruthfully and that untruthful testimony was the basis for the arbitrator's [sic] decision." In the first place, although the complaint alleges that untruthful testimony was offered and relied upon at arbitration, the complaint fails to state that defendants both knew of the falsity of the testimony and intentionally used or permitted it. In order to state a sufficient allegation of fraud, however, plaintiffs must not only aver that there was a misrepresentation, but that the misrepresentation was intentionally made or knowingly and intentionally adopted. Thus, the complaint contains no allegation of fraud sufficient to toll the statute of limitations. Moreover, the complaint bears no trace of the particularity required for allegations of fraud in federal pleadings. *See* Fed.R. Civ.P. 9(b). For example, the plaintiffs have not alleged the content of the false testimony or what the truth was, nor have they alleged any facts suggesting that defendants knew of the falsehoods. Indeed, since the allegation of fraud is necessary to toll the statute of limitations, the date upon which plaintiffs first learned of the fraud should also be alleged to show that plaintiffs acted within the limitation period as calculated from the date such knowledge was acquired. Thus, the Court cannot deny defendants' motion on this ground.

The Court has considered the other arguments raised by plaintiffs in their memoranda and has found them to be without merit. For this and the other reasons stat-

ed above, defendants' motion will be granted.[1]

An appropriate Order will be entered.

---

1. Defendants' motion for judgment on the pleadings also argued that plaintiff had failed to state a claim upon which relief can be granted. In light of the Court's disposition, however, we need not address that argument.