**FEDOR, Kenneth and Sheridan, William, Appellants,**

v.

**HYGRADE FOOD PRODUCTS CORPORATION and U.F.C.W.-Local 195.**

No. 82–1142.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Aug. 4, 1982.

Decided Aug. 12, 1982.

Saul Doner, Milton S. Lazaroff, Lobel, Doner & Lazaroff, Philadelphia, Pa., for appellants.

Andrew S. Price, Philadelphia, Pa., for appellee Hygrade Food Products Corp.

Mark P. Muller, Philadelphia, Pa., for appellee Local 195, United Food and Commercial Workers.

Before ALDISERT and WEIS, Circuit Judges, and RE,* Chief Judge.

## OPINION OF THE COURT
PER CURIAM.

The question for decision is whether the district court erred in determining that plaintiffs' complaint against a company and a union to set aside an arbitration award was barred by provisions of 42 Pa.C.S.A. § 7314(b), which provides that an application to vacate an arbitration award "shall be made within thirty (30) days after delivery of a copy of the award to the appellant" except in cases of fraud. A threshold question requires us to decide whether plaintiffs' action against the union was one to vacate an award.

■ We quickly dispose of appellants' preliminary contention. They were employees of the Hygrade Food Products Corporation and members of Local 195, United Food and Commercial Workers. After an arbitrator upheld the company's decision to discharge them, they filed a complaint in state court, requesting that the arbitrator's decision be set aside and that they be reinstated with back pay. The suit was subsequently removed to the district court pursuant to 28 U.S.C. § 1441, which construed the complaint as stating a claim under 29 U.S.C. § 185 for wrongful discharge under the collective bargaining agreement and breach of the union's duty of fair representation. In the relief sought by the appellants below, they specifically asked the court to "set aside the arbitrator's award;" to "set aside the discharge of Plaintiffs from their jobs;" and to "reinstate the Plaintiffs to their jobs as of December 11, 1980 with back pay and benefits". They did not seek any specific relief from Local 195. We agree with the district court that appellants' complaint was one to vacate an arbitrator's award.

■ The district court determined that the timeliness of a § 301 suit, such as the present one, "is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966) (footnote omitted); *Liotta v. National Forge Co.*, 629 F.2d 903, 905 (3d Cir. 1980), *cert. denied*, 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). It found that since the action related to vacating the arbitrator's award, the appropriate Pennsylvania statute of limitations was that part of the Uniform Arbitration Act requiring suit to be brought within thirty days, 42 Pa.C.S.A. § 7314(b). We are satisfied with the reasoning of the district court, 533 F.Supp. 269 (E.D.Pa.1982). Moreover, we believe that both contentions raised by appellants are substantially answered adversely to them by the instructions and the discussion in *United States Postal Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981).

The judgment of the district court will be affirmed.