**Brian L. NICELY, Plaintiff,**

v.

**UNITED STATES STEEL CORPORATION, a corporation, and United Steelworkers of America, a labor organization, Defendants.**

**Civ. A. No. 83–1767.**

United States District Court,
W.D. Pennsylvania.

Nov. 21, 1983.

As Amended Dec. 8, 1983.

---

James Perich, Pittsburgh, Pa., for plaintiff.

Jeffrey E. Beeson, Pittsburgh, Pa., Richard H. Brean, Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

Before us are plaintiff's motion to amend the complaint, and defendants' motions to dismiss the original and amended complaints. We will grant the motion to amend the complaint, and as amended, grant defendants' motion to dismiss.

### Motion to Amend the Complaint

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a complaint as of right at any time before a responsive pleading is filed. Technically, therefore, plaintiff was not required to file a motion for leave to amend, since no answer had yet been filed. Plaintiff clearly meant to exercise the right provided by Rule 15, and in accordance with a liberal construction given the Rules of Civil Procedure, we do not find that plaintiff waived his right to amend by filing a motion for leave to amend.

### Procedural History

The factual circumstances of the present case arose on September 8, 1980, when plaintiff filed a grievance against United States Steel with Local 1219, the affiliate of the United Steelworkers of America. Plaintiff, Brian Nicely, a member of the local union, employed at the Edgar Thomson Works of U.S. Steel, alleged that he had never received full training as provided for in the collective-bargaining agreement between U.S. Steel and Local 1219 with respect to his apprentice training as a weld-

er. As a result, plaintiff claims that he was not able to advance, and for this reason, has been furloughed. Plaintiff's September 8 grievance was settled on February 18, 1981, and under the terms of the settlement, plaintiff was to receive full training.

On January 13, 1982, plaintiff filed a second grievance against U.S. Steel, alleging breach of the collective bargaining agreement in failing to fulfill the terms of the earlier grievance settlement. On or about November 3, 1982, the union withdrew plaintiff's grievance from the grievance and arbitration procedure prior to the grievance being heard in arbitration. Plaintiff was notified of the withdrawal some time later, but during November, 1982.

Plaintiff filed this complaint against U.S. Steel and the United Steelworkers in this court on July 18, 1983, alleging breach of the collective bargaining agreement as to U.S. Steel and breach by the union of its duty of fair representation.

## DISCUSSION

■ The first issue raised is whether the decision of the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, — U.S. —, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), holding that a hybrid fair representation/breach of contract suit is governed by the six-month limitations period of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), is to be applied retroactively. This issue was raised because plaintiff was notified of the withdrawal of his grievance, the alleged breach, in November 1982, and filed his action in this court on July 18, 1983, eight months later. *DelCostello* was decided on June 8, 1983, approximately six and one-half months after plaintiff's cause of action accrued. If *DelCostello* were to apply retroactively, plaintiff's time to file would have run in May, 1983, before *DelCostello* was decided. The Court of Appeals for the Third Circuit recently decided that *DelCostello* applies retroactively. *Perez v. Dana Corp. &*

*United Steelworkers of America, Local Union No. 3733*, 718 F.2d 581 (3d Cir. September 28, 1983). That decision controls here. In *Perez*, a case arising in the Eastern District of Pennsylvania, plaintiff waited to file his breach of collective bargaining agreement/breach of duty of fair representation claims until nearly two years after his cause of action had accrued. Such "hybrid" actions are cognizable under section 301 of the National Labor-Management Relations Act of 1947 ("the NLMRA"), *Vaca v. Sipes*, 386 U.S. 171, 186–87, 87 S.Ct. 903, 914–15, 17 L.Ed.2d 842 (1967); *Hines v. Anchor Motor Freight*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976). Such actions are commonly referred to as *Vaca-Hines* actions. *Perez, supra*, at 582. We conclude, following *Perez*, that *DelCostello* should be applied retroactively in this case, both under the rule of this circuit and because, like *Perez*, plaintiff fails to satisfy any part of the three-part test regarding retroactivity as set out by the United States Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Under the first part of the *Chevron* test, plaintiff must show that *DelCostello* established a new principle of law, either by overruling clear past precedent on which he relied or by deciding an issue of first impression, the resolution of which was not clearly foreshadowed. *Id.* at 106, 92 S.Ct. at 355. As the Third Circuit concluded in *Perez*, no clear precedent existed prior to *DelCostello* as to the proper limitations period applicable to hybrid actions such as these, *Perez*, at 585, and that the outcome in *DelCostello* was foreshadowed in this circuit in *Falsetti v. Local Union 2026, UMW*, 355 F.2d 658 (3d Cir. 1966), which suggested the applicability of § 10(b) as the proper limitations period for hybrid actions such as this. *Perez*, at 585–86, 587. The United States Supreme Court also expressly reserved the question of the applicability of § 10(b) in *United Parcel Service v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), holding that appropriate state statutes of limitations

should be applied in such suits. *Id.* at 60 n. 2, 67–72, 101 S.Ct. at 1562 n. 2, 1566–69.

As to the second part of the *Chevron* test, whether a refusal to apply a decision retroactively would further operation of the rule, the Court of Appeals answered this question in the negative in *Perez.* The court cited the three purposes underlying *DelCostello:* the need for uniformity, the extremely short period provided in state statutes governing the vacation of arbitration awards, and the need for rapid final resolution of labor disputes. *Perez,* at 587–88.

While plaintiff had no notice of the *DelCostello* six-month limitations period, there was no prejudice in this case since the Pennsylvania Arbitration Act, the most analogous state statute of limitations, was amended in 1980 to shorten the applicable period from ninety to thirty days. Pennsylvania Arbitration Act, 42 Pa.C.S.A. § 7314(b) (1980). The six-month period made retroactive in this circuit by the *Perez* decision actually extended plaintiff's time to file. This factor leads to consideration of the third part of the *Chevron* test, whether *DelCostello,* retroactively applied, would produce a substantial inequitable result involving injustice or hardship. Since the retroactive application of *DelCostello* lengthened plaintiff's time to file from the thirty-day limitation set by the Pennsylvania Arbitration Act, the result is not inequitable. *See Fedor v. Hygrade Food Products,* 533 F.Supp. 269 (E.D.Pa.), *aff'd,* 687 F.2d 8 (3d Cir.1982) (three-month old claim dismissed under thirty-day statute). Plaintiff in this case was already time-barred under the prior thirty-day period. Finally, we feel that, like *Perez,* plaintiff in this case delayed in filing his action and "where a party gives such indication that he is sleeping on his rights, it is not inequitable to apply the statute of limitations retroactively to bar his claim." *Perez,* at 588. We hold that under the reasoning of *DelCostello* and *Perez,* plaintiff's claim is clearly time-barred.

The second issue raised is whether the facts alleged in plaintiff's amended complaint toll the statute of limitations. The amended complaint states that prior to May 3, 1983 (when the six-month statute of limitations ran) plaintiff was discussing his claim with the Pittsburgh office of the NLRB, and indicated his desire to have the Board issue unfair labor practice charges. Plaintiff was told by the Board that he did not have a claim on which the Board could issue a complaint, and that he should file suit in federal court under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Amended Complaint,* ¶ 2. Plaintiff argues that contacting the NLRB should toll the statute of limitations created by *DelCostello.*

We hold that the fact that plaintiff's amended complaint, pleading contacts and discussions prior to May 3, 1983 with the Pittsburgh office of the NLRB, does not serve to toll the statute of limitations with regard to his § 301 suit. We base our decision on the persuasive reasoning of the district court in the recent case of *Martin v. Adams Distribution Service, Inc.,* No. 83–0027–CV–W–3 (W.D.Mo. September 30, 1983). The facts of *Martin* are similar to those presently before us. The employee filed charges in February, 1983 with the NLRB against the company and the union as codefendants. The charges against the union were made prior to the filing of an amended complaint on May 19, 1983 which added the union as a defendant in a pending § 301 action against the company. *Id.* at 2. The union moved to dismiss the complaint as untimely since the § 10(b) period expired on March 22, 1983, the date six months after the union's refusal to pursue the claim beyond an initial grievance meeting. Martin argued, as plaintiff here does, that the running of the § 10(b) period was tolled for the two-month period that his charges were pending before the Board. The district court held that the statute was not tolled. *Id.* at 8–11.

As the court in *Martin* noted, we are of the opinion that where two separate parallel avenues of relief are provided, pursuit of one course of action does not toll the running of the statute as to the other.

This concept is well-established in several areas of the law. *See International Union of Electrical Radio & Machine Workers, AFL–CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (pursuit of grievance procedures under collective bargaining agreement does not toll period for filing charge with EEOC under Title VII); *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) (statute of limitations as to § 1981 action not tolled during period Title VII claim pending before EEOC); *Corson v. First Jersey Securities*, 537 F.Supp. 1263, 1267–68 (D.N.J.1982) (SEC administrative proceedings do not toll statute of limitations on § 10(b) action under Securities Exchange Act of 1934; administrative enforcement procedures wholly separate from and independent of private enforcement remedies).

██ In such cases, courts have stressed the dual nature of the remedies available. An action under section 301 is wholly distinct from an action under section 10, *Vaca v. Sipes*, 386 U.S. 171, 182 n. 8, 87 S.Ct. 903, 912 n. 8, 17 L.Ed.2d 842 (1967), and plaintiff has the ability to pursue both routes for redress. As the court noted in *Martin, supra*, "... section 301 itself indicates that Congress did not intend an NLRB action to be a prerequisite for a section 301 suit. Furthermore, there is no reason to believe Congress expected or intended a claimant from pursuing a section 301 action pending an action before the NLRB. The purpose behind the creation of the NLRB and the preemption doctrine do not apply to suits 'involving alleged breaches of the union's duty of fair representation' ... [a] decision not to toll is also supported by Congress' desire, as evidenced by section 10(b), to ensure finality of private settlements of employer-employee conflicts within a relatively short period of time." *Martin* at 10–11 (quoting *Vaca v. Sipes*, 386 U.S. 171, 180–81, 87 S.Ct. 903, 911–12, 17 L.Ed.2d 842 (1967)).

Finally, since section 301 is an exception to the Board's preemptive power, and since the two remedies exist as parallel remedies, a failure to toll the period does not conflict with any federal policy of preemption. *Martin* at 9.

We find *Martin* to be on point, wholly persuasive, and applicable to the facts before us. We will therefore grant defendants' motion to dismiss the original and amended complaints.

AND NOW, to-wit, this 21st day of November, 1983, it is hereby ORDERED, ADJUDGED and DECREED that defendants' motion to dismiss the original and amended complaints shall be, and hereby is, GRANTED, with prejudice.