William G. CLARK, Plaintiff,

v.

LOCAL 95, INTERNATIONAL UNION OF OPERATING ENGINEERS, Defendant.

Civ. A. No. 84–874.

United States District Court, W.D. Pennsylvania.

Aug. 2, 1984.

Timothy P. O'Reilly, Pittsburgh, Pa., for plaintiff.

J.M. Maurizi, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

Before us is defendant's motion to dismiss the complaint pursuant to Fed.R. Civ.P. 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim.

### Procedural History

Plaintiff, William G. Clark, is an individual who was employed as a stationary engineer at the Two Oliver Plaza Building, Pittsburgh, Pennsylvania. He was a member of Local 95, International Union of Operating Engineers ("the Union"), the defendant in this action. Plaintiff's employer, Oliver Realty, Inc. was managing agent of Two Oliver Plaza and a member of a multiemployer bargaining association engaged in negotiations with the Union during the late winter and spring, 1983, when plaintiff's union was on strike and engaged in picketing at Two Oliver Plaza. Alleging picket line misconduct on two occasions, Oliver Realty terminated plaintiff's employment on May 20, 1983, the same day that the Union and plaintiff's employer reached a settlement on a new agreement. As part of the settlement, the parties agreed to resolve by arbitration the matter of plaintiff's discharge in connection with the alleged picket line misconduct.

Plaintiff was represented by the Union, and the case was heard by an arbitrator on August 2, 1983. The Arbitrator's opinion, dated October 27, 1983, sustained plaintiff's discharge.

The Union then presented the matter of the alleged wrongful discharge to the National Labor Relations Board ("NLRB"). The NLRB declined to issue a complaint.

Plaintiff then brought an action in trespass against the Union in the Court of Common Pleas of Allegheny County, Pennsylvania, on March 12, 1984. Plaintiff claimed that the Union breached its duty of fair representation by allegedly (1) neglecting to present all of the witnesses who

were available; (2) failing to inform fully the plaintiff of his right to obtain separate counsel in connection with his arbitration hearing; (3) failing fully to explain to the plaintiff the potential liability of the Union for damages arising out of violent acts during the strike; and (4) committing other acts of omission in representing plaintiff in the course and scope of the entire arbitration proceeding. (Complaint, ¶ 6)

On April 6, 1984, defendant removed the case to this court, pursuant to 28 U.S.C. § 1441. Defendant argued that, while captioned as an action in trespass, in essence, plaintiff had brought an action against the Union under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), for breach of the duty of fair representation.

### Discussion

Defendant has moved to dismiss the complaint on the basis of two arguments: (1) that the action is within the exclusive jurisdiction of the NLRB; and (2) that the statute of limitations has run on plaintiff's action.

Defendant first argued that jurisdiction lies exclusively with the NLRB because the breach of a union's duty of fair representation is an unfair labor practice. We find this argument to be without merit.

It is well established that an action alleging a breach of duty of fair representation is cognizable under section 301 of the LMRA. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967); *Nedd v. United Mine Workers of America,* 556 F.2d 190, 197 (3d Cir.1977); *Brady v. Trans World Airlines, Inc.,* 401 F.2d 87, 94 (3d Cir.1968), *cert. denied,* 393 U.S. 1048, 89 S.Ct. 680, 21 L.Ed.2d 691 (1969). We agree with the position taken by defendant in the petition for removal that plaintiff has alleged an action under section 301. Furthermore, as we recently noted, in *Nicely v. United States Steel Corp.,* 574 F.Supp. 184 (W.D.Pa.1983), section 301 is an exception to the National Labor Relations Board's preemptive power and " 'section 301 itself indicates that Con-

gress did not intend an NLRB action to be a prerequisite for a section 301 suit'." *Id.* at 188. *See Martin v. Adams Distribution Service, Inc.,* No. 83–27, slip op. at 10–11 (W.D.Mo. September 30, 1983) (unpublished) (quoting *Vaca v. Sipes,* 386 U.S. at 180–81, 87 S.Ct. at 911–12). We therefore hold that plaintiff's claim is properly before this court.

Defendant's second argument that the action is barred by the statute of limitations, may be divided into two parts. First, defendant argues that the opinion of the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) does not govern this case. In the alternative, defendant argues that if *DelCostello* does apply, the action is barred by the six month statute of limitations set out in that case.

Defendant first attempts to distinguish *DelCostello* by characterizing the instant suit as an appeal from an arbitration award and suggesting that it may be governed by the ninety-day state statute applicable to such awards. *See Liotta v. National Forge Co.,* 629 F.2d 903, 905 (3d Cir.1980).

We feel the question of the applicability of *DelCostello* is a valid one, but for a different reason than that suggested by defendant. *DelCostello* held that the six-month limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to a hybrid fair representation/breach of contract suit. *DelCostello* did not specifically address the proper statute of limitations in a pure section 301 action.

The Court of Appeals for the Third Circuit, in *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.,* 736 F.2d 896 (3d Cir.1984), recently considered the proper statute of limitations in a pure section 301 action filed by a union against an employer to compel arbitration. In *Westinghouse* the Court distinguished *DelCostello* as limited to hybrid actions, and not as having decided the question of the proper statute

of limitations in pure section 301 actions. *Id.* at 900. In spite of this, the Court of Appeals reversed the lower court's application of the state statute of limitations governing actions for the enforcement of contracts. The Court observed that the lower court, in applying the state statute pursuant to the rule of *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d 192 (1966), was without the benefit of the *DelCostello* decision. *Westinghouse,* at 900. The Court of Appeals noted that "The only clear signal that can be read from footnote 12 in *DelCostello* is that the applicability of *Hoosier Cardinal* to pure section 301 suits is now an open question" *Id.* (citing *DelCostello,* 103 S.Ct. at 2287, n. 12 ("even if this action were considered as arising solely under § 301, the objections to use of state law and the availability of a well-suited limitations period in 10(b) would call for application of the latter rule.")) In *Westinghouse,* the Court of Appeals held the section 10(b) six-month statute of limitations applicable to pure section 301 suits by a union against the employer seeking to compel arbitration. For several reasons, we will follow *Westinghouse,* and, we believe consistent with its holding, apply the six-month limitations period of section 10(b) to pure section 301 actions brought by an employee against a union.

As the Court of Appeals observed in *Westinghouse,* the Supreme Court in *Del-Costello* rejected the suggestion that state-law statutes of limitations for legal malpractice should be used as the closest analogy to a duty of fair representation claim. *Westinghouse supra,* at 900, (citing *DelCostello,* 103 S.Ct. at 2292). As in *Del-Costello,* the plaintiff here asserts a breach of the duty of fair representation. In light of the similarity of the facts in the instant case to those of *DelCostello,* and in light of the extension of *DelCostello* to pure section 301 actions based only on contract theories, *see Westinghouse,* at 901–02, we hold that the six-month limitations period of section 10(b) of the NLRA applies here.

Assuming that the six-month limitations period applies, defendant asserts that plaintiff has failed to meet that time period. Defendant submits that if any cause of action exists, it arose on August 2, 1983, the date of the arbitration hearing. Thus, defendant argues that the limitations period expired on February 2, 1984, and that plaintiff's complaint, filed March 12, 1984, is untimely.

In addressing defendant's argument, we must decide the exact time that plaintiff's cause of action arose. Plaintiff contends that his complaint, filed March 12, 1984, is timely because the statute did not begin to run until October 27, 1984, the date of the Arbitrator's decision and the date on which he became fully aware of defendant's alleged breach of duty of fair representation. Plaintiff further asserts that he was not fully aware of his right to have called all of the witnesses necessary to support his case. *See Plaintiff's Brief Opposing Motion to Dismiss,* at 2–3.

■ Federal law determines when a federal cause of action accrues. *Butler v. Local Union 823, Int'l Brotherhood of Teamsters,* 514 F.2d 442, 448–49 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Antonioli v. Lehigh Coal & Navigation Company,* 451 F.2d 1171, 1175 (3d Cir.1971), *cert. denied,* 406 U.S. 906, 92 S.Ct. 1608, 31 L.Ed.2d 816 (1972); *Larry v. Penn Truck Aids, Inc.,* 94 F.R.D. 708, 715 (E.D.Pa.1982).

■ In the context of a section 301 action, several courts have stated that "A cause of action ordinarily accrues when 'the plaintiff could first have successfully maintained a suit based on that case of action.'" *Larry, supra,* 94 F.R.D. at 715 (quoting *Santos v. District Council of New York City,* 619 F.2d 963, 968–969 (2d Cir.1980)). Absent knowledge of a breach, an employee cannot bring suit. *Larry, supra,* at 715, *Santos, supra,* at 969. Where, as here, the cause of action did not arise unless a duty of fair representation had been breached, it follows that the cause of action accrued when the employee learned or should have learned that such a breach had occurred. *See id.* Two dates have

been argued for the accrual of plaintiff's cause of action: August 2, 1983, at the time of the arbitration hearing, or October 27, 1983, when the Arbitrator's Opinion was issued. *DelCostello* did not address the question of when a cause of action accrues with regard to hybrid section 301 actions. We note, however, that in *DelCostello,* the Supreme Court stated:

> In the labor setting, ... the employee will often be unsophisticated in collective-bargaining matters, and he will almost always be represented solely by the union. He is called upon, within the limitations period, to evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the arbitration proceeding, and to frame his suit.

 In *Dowty v. Pioneer Rural Electric Cooperative Inc.,* 573 F.Supp. 155 (S.D. Ohio 1983), the Court held that a plaintiff's cause of action in a section 301 action accrued when the plaintiff learned of the arbitration decision, not when he received a copy of the decision by mail. *Id.* at 158. The plaintiff's cause of action in this case accrued on October 27, 1983, the date of the arbitrator's decision. We believe that this date represents the time when plaintiff knew or reasonably should have known of the decision. We also note that the union continued to represent the plaintiff beyond the August 2 hearing date by submitting post-hearing briefs to the arbitrator on September 27, 1983. (*See* Title page, Arbitrator's Report). In so holding, we adopt the conclusion of the Court in *Dowty, supra,* at 158, with a view toward the Supreme Court's concern in *DelCostello* that the limitations period provide "an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." *DelCostello, supra,* 462 U.S. at ——, 103 S.Ct. at 2291, 76 L.Ed.2d at 490.

Defendant moves, in the alternative, for a more specific pleading, setting forthwith particularity:

(a) The identity of the witnesses referred to in paragraph (6)(2) of the complaint and the testimony they would have given;

(2) The specific recitation as to the other acts and omissions committed by defendant as referred to in paragraph (6)(d) of the complaint.

The defendant does not discuss the motion in its brief. Because the complaint appears to be in substantial compliance with Rule 8, Fed.R.Civ.P., and the information sought may be easily ascertained in discovery, we will deny the motion.