**Mark E. MILLS, Plaintiff,**

v.

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL UNION 66, and Furnival Machinery Company, Defendants.**

**Civil Action No. 02–281 J.**

United States District Court,
W.D. Pennsylvania.

March 18, 2003.

Jerome J. Kaharick, Jerome J. Kaharick & Associates, Johnstown, PA, for plaintiff.

Joshua M. Bloom, Gatz, Cohen, Segal & Koerner, Pittsburgh, PA, for International Union of Operating Engineers.

Gary D. Melchionni, Stevens & Lee, Lancaster, PA, for Furnival Machinary Co.

## *MEMORANDUM*

LANCASTER, District Judge.

This is an action under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff, Mark E. Mills

("Mills") alleges that defendant International Union of Operating Engineers Local Union 66 ("Local 66") breached its duty of fair representation toward him and defendant Furnival Machinery Company's ("Furnival") breached the collective bargaining agreement that covered his employment. Specifically, Mills alleges that defendants conspired to make false representations to him in an effort to remove him from his employment and to induce him to accept a two weeks severance payment in violation of the collective bargaining agreement. Both defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing this action is barred by the applicable statute of limitations. For the reasons set forth below, the motions will be granted.

## I. BACKGROUND

Mills alleges that he began his employment as a Class A operator at Furnival's Centre Hall, Pennsylvania, shop on May 5, 1997. Local 66 was the recognized bargaining representative of the bargaining unit to which Mills belonged and Furnival and Local 66 were parties to a collective bargaining agreement that covered Mills employment.

Mills alleges that on July 3, 2001, he was told by a representative of Local 66, Alan Pero, that the Centre Hall shop was going to be shut down and, hence, his employment was terminated. Mills further alleges that on July 6, 2001, the Centre Hall shop reopened and was staffed by another Furnival employee, Kenny Richards, who was a member of a different union.

Mills alleges that when he inquired about Richards, Pero told him that Richards was only there to shut down the plant and complete an inventory for a two week period. Pero also assured Mills that he should accept a two week severance as compensation for any violations. Mills accepted the severance believing that the plant was shutting down.

Mills now alleges, however, that the plant never shut down. Moreover, Furnival ran a classified advertisement from July, 2001, through October, 2001, for his position. Mills alleges that Local 66 conspired with Furnival to invent the story of the plant shutting down and Richard's two week inventory project in an effort to remove Mills from his position and to induce him to accept the two weeks severance payment in violation of the collective bargaining agreement.

On November 6, 2001, Mills filed an unfair labor practice charge ("ULP") against Local 66 with Region 6 of the National Labor Relations Board arguing that since July 3, 2001, and continuously thereafter, Local 66 restrained and coerced employees of Furnival in the exercise of rights guaranteed in Section 7 of the National Labor Relations Act. A copy of the ULP charge is attached to Furnival's motion to dismiss.

On January 31, 2002, the Regional Director of the NLRB issued a letter informing Mills there was insufficient evidence of a violation of the NLRA and, therefore, he was refusing to issue a complaint on the ULP charge. Mills then filed a timely appeal to the Director's decision. On July 2, 2002, the General Counsel of the NLRB informed Mills that his appeal was denied because the evidence failed to establish that Local 66 was motivated by any unlawful consideration in handling his grievance. A copy of both Mills' notice of appeal, and the letter denying his appeal are attached to Furnival's motion to dismiss.

Mills filed this action on October 28, 2002, under Section 301 of the NLRA alleging that Local 66 breached their duty of fair representation and that Furnival breached the collective bargaining agree-

ment. Both Local 66 and Furnival have filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that this action is barred by the applicable statute of limitations.

## II. *Standard of Review*

When considering a Rule 12(b)(6) motion to dismiss, the issue is not whether the plaintiff will prevail in the end, or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to the plaintiff, and with all well pleaded factual allegations taken as true, does the complaint state any valid claim for relief. In this regard, the complaint will not be dismissed merely because the plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to independently examine the complaint to determine if the allegations set forth could provide relief under any viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 n. 40 (2d ed.1990). Moreover, even a defective complaint will not be dismissed unless it appears to a certainty that the defect in the complaint can not be cured by amendment. *Id.* at 360–67 & nn. 81–84.

It is on this standard that the court has reviewed defendant's motion. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is persuaded "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Accordingly, the motions to dismiss will be granted.

## III. *DISCUSSION*

Both Local 66 and Furnival argue that this action should be dismissed be-

cause it was untimely filed. Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, permits an employee covered by the LMRA to bring a dual action against the employee's union and employer alleging a breach by the union of the duty of fair representation and a violation by the employer of the collective bargaining agreement covering the employee. *See Vaca v. Sipes,* 386 U.S. 171, 186–88, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The statute of limitations for a § 301 claim is six months from when the plaintiff discovers or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *See DelCostello ·v. International Brotherhood of Teamsters,* 462 U.S. 151, 171–72, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Vadino v. A. Valey Engineers,* 903 F.2d 253, 260 (3d Cir.1990).

Because a § 301 claim accrues against the company and the union at the same time, this court must establish an accrual date for the § 301 claim and then ascertain whether plaintiff filed suit within six months of that date. Mill's claim against both Furnival and Local 66 is predicated on the allegation that he was replaced with another employee in violation of the collective bargaining agreement and that the union failed to adequately represent him. Thus, this court should determine when Mills knew, or should have known, that he was terminated in violation of the collective bargaining agreement and that the union failed to adequately represent him.

Mill's employment was terminated on July 3, 2001. He inquired about Richards presence at the shop and was told to accept the severance because of the shop shutting down on July 6, 2001. Mill's alleged, and in fact attached to his complaint, Furnival's classified advertisements for his position that ran from July 2001 through to October of 2001. Clearly, Mills

should have known that the shop was not closing and that Furnival was replacing him at any point between July of 2001 and October of 2001.

By November 6, 2001, however, Mills certainly knew that the Furnival shop was not closing, that he was replaced, and that the union was not representing him on the issue because that is the date he filed an unfair labor practice charge against the union with the Region 6 of the NLRB regarding these actions. Mills' charge, the Regional Director's letter notifying him that he would not file a complaint in the matter, Mill's notice of appeal, and the Office of General Counsel's letter denying the appeal are all attached as exhibits to Furnival's motion to dismiss.

Mills argues that this court cannot consider the unfair labor practice charge because it does not appear on the face of his complaint. "If the statute of limitations or other affirmative defenses alleged by the defendants is not apparent on the face of the Complaint, the defense may not afford a basis for dismissal of the Complaint under F.R.C.P. 12(b)(6)." *Rycoline Products v. C & W Unlimited,* 109 F.3d 883, 886 (3d Cir.1997).

■ It is appropriate, however, for the court to consider matters of public record in other proceedings for purposes of a motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993). Mills' charge to the Regional Director of the NLRB, and the Regional Director's correspondence indicating that a formal complaint would not be filed are public records *See* 29 C.F.R. § 102.117(a)(2),(b)(1);

*NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975)(holding that NLRB documents which constitute final opinions are public record). Thus, we may consider those exhibits, the validity of which plaintiff does not dispute, without converting the motion to one for summary judgment under Fed. R.Civ.P. 56(c).

■ Because Mills filed a charge with the NLRB regarding these actions, he clearly knew these actions could constitute a violation at that date. Furthermore, filing a charge with the NLRB does not toll the statute of limitations for a § 301 action. *See Nicely v. United States Steel Corp.,* 574 F.Supp. 184, 187–88 (W.D.Pa. 1983); *Seritti v. Miners Memorial Medical Center,* 2001 WL 830329, **5–6, 2001 U.S. Dist. Lexis 10558, *14–*16 (E.D.Pa. 2001).[1]

Since Mills clearly knew or should have known of the actions constituting the alleged violation by at least November 6, 2001, and this case was not filed until October 28, 2002, this action is barred by the six months statute of limitations. Accordingly, defendants' motions to dismiss will be granted.

## IV.  CONCLUSION

Because Mills' action is barred by the applicable statute of limitations, defendants' motions to dismiss are granted. The appropriate order follows.

### ORDER

AND NOW, this 18th day of March, 2003, upon consideration of International

---

**1.**  At oral argument, Mills' counsel asserted for the first time that Mills learned of certain facts in July of 2002 that showed an alleged conspiracy between Local 66 and Furnival to remove him from his job. Counsel did not disclose what those facts were at oral argu-

ment. Nevertheless, he contends that the statute of limitations period did not begin to run until then. Conspiracy is not an element of a § 301 hybrid charge. Therefore this is totally irrelevant to our analysis.

Union of Operating Engineers Local Union 66 and Furnival Machinery Company's motions to dismiss, and Mark E. Mills opposition thereto, IT IS HEREBY ORDERED that both of these motions to dismiss are GRANTED. The Clerk of Court is directed to mark this case closed.