Misraim BEY, Wallace Bey, Joseph Ciesielski, Duwayne Lewis, Thomas P. Martin, James Motta, John A. Nagy, Carl H. Schmitt, Raymond R. Schmitt, Thomas J. Smith, Arthur Thomas, Plaintiffs,

v.

Carmen WILLIAMS, James Yaria, Nick Nicoludis, Stuart Painting Company, Inc., International Brotherhood of Painters and Allied Trades, International Brotherhood of Painters and Allied Trades, Local 6, International Brotherhood of Painters and Allied Trades, Local 530, Defendants.

Civ. A. No. 83–2506.

United States District Court, W.D. Pennsylvania.

Aug. 15, 1984.

Thomas A. Crawford, Jr., Pittsburgh, Pa., for plaintiffs.

John W. Murtagh, Jr., Pittsburgh, Pa., for defendants Carmen Williams, Local 6 and International.

J. Philip Colavincenzo, Beaver, Pa., for defendants James Yaria and Local 530.

Thomas J. Shorall, Pittsburgh, Pa., for defendants Nicoludis and Stuart Painting Co.

## OPINION

MANSMANN, District Judge.

Before the Court is a Motion for Summary Judgment filed by Defendants International Brotherhood of Painters and Allied Trades (the "International"), Local 6 of the International ("Local 6") and Carmen Wil-

liams. We hereby grant Defendants' Motion for the reasons discussed below.

\* \* \* \* \* \*

Plaintiffs were employed as painters by Defendant Stuart Painting Company, Inc. ("Stuart Painting") at its Shippingport, Pennsylvania job site from an unknown date until late May 1982. On May 28 and June 1, 1982, Plaintiffs were "laid off" as a result of various labor disputes. The disputes were resolved in June and work resumed at the Shippingport site, including the work performed by the painters. Stuart Painting recalled and hired a number of painters from different locals, including Local 6 and Local 530, but the named Plaintiffs were not among those recalled or hired. According to Defendants' Answer, Plaintiffs were members of Local 6 but were represented by Local 530 while working at the Shippingport job site.

On or about September 20, 1982, several Plaintiffs filed a grievance with Local 6 against Stuart Painting for failing to recall them to the Shippingport job. On the same date, these Plaintiffs also filed charges with the National Labor Relations Board ("NLRB"). The NLRB subsequently dismissed the charges.

On or about October 29, 1982, most of the Plaintiffs named in this action filed grievances with both Local 6 and Local 530 concerning Stuart Painting's failure to recall them as well as the Unions' failure to object thereto.

On November 24, 1982, Local 530 denied the grievance that was filed with it and notified Local 6 that it was so doing. There is nothing in the record which indicates whether or not Local 6 also formally denied the grievance that was filed with it but Plaintiffs' allegations strongly indicate that they understood that both Locals denied their grievances. That same day, all of the Plaintiffs named in this action filed a charge against both Locals with the NLRB. The charge alleged, *inter alia*, that the Unions caused Stuart Painting to refuse to employ them and to discriminate against them. On December 22, 1982, the NLRB dismissed the charge and on January 28,

1983, its Office of Appeals affirmed the dismissal.

Plaintiffs filed the present action on October 6, 1983 pursuant to section 301 of the Labor Management Relations Act ("LMRA") of 1947, as amended, 29 U.S.C. § 185. In their Complaint, Plaintiffs allege conspiracy (Count I), breach of the collective bargaining agreement (Counts II and VI), breach of the International's constitution and the by-laws of Local 6 (Count III), discrimination (Count IV) and breach of the Unions' duty of fair representation (Count V).

Defendants Williams, Local 6 and the International have moved for summary judgment contending, *inter alia*, that the applicable statute of limitations bars Plaintiffs' action.

\* \* \* \* \* \*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Court of Appeals for the Third Circuit has made clear that any doubts as to the existence of genuine issues of fact are to be resolved against the moving parties. *Continental Ins. Co. v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982); *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). Further, the facts and inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Continental Ins. Co. v. Bodie, supra* at 438; *Betz Laboratories, Inc. v. Hines*, 647 F.2d 402, 404 (3d Cir.1981).

Under Rule 56(e), however, a party resisting a summary judgment motion may not rest upon the mere allegations or denials of his pleading. *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir.1981). In opposing the motion, his response "must set forth specific facts showing that there is a genu-

ine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id.*

As a general rule, courts do not favor the summary disposition of cases on their merits. Nevertheless, in an appropriate case, an early disposition may save the parties needless and often considerable time and expense which otherwise would be incurred during trial. Thus, summary judgment is a useful tool when the record reflects that there is no genuine dispute over the critical facts. *See Peterson v. Lehigh Valley Dist. Council,* 676 F.2d 81, 84 (3d Cir.1982).

\*   \*   \*   \*   \*   \*

In the instant case, there appears to be no genuine dispute over the facts material to the statute of limitations defense. The only dispute concerns the legal consequences of those facts.

We agree with Defendants that the applicable statute of limitations bars this action against them.

This case is governed by the U.S. Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), and by the decision of the U.S. Court of Appeals for the Third Circuit in *Perez v. Dana Corp.,* 718 F.2d 581 (3d Cir.1983).

■ In *DelCostello,* the Supreme Court held that the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160, was the appropriate statute of limitations for *Vaca-Hines* suits such as the one at bar. A *"Vaca-Hines"* suit is an action where an employee sues both his employer for breach of the collective bargaining agreement and his union for violating its duty of fair representation. *See Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1976); *Hines v. Anchor Motor Freight,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).

The Supreme Court's decision in *DelCostello* was issued prior to the initiation of this lawsuit but more than six months after the Unions denied Plaintiffs' grievances.

Nevertheless, the decision of the Court of Appeals in *Perez v. Dana Corp.* makes clear that *DelCostello* applies retroactively so as to bar claims which are not filed in federal court within the six-month limitations period.

■ Hence, under *DelCostello* and *Perez,* the six-month statute of limitations must be applied to this action. The inclusion of a conspiracy claim in Count I does not alter our conclusion. The conspiracy allegations state a claim, if at all, under section 301. This claim arises in the context of a *Vaca-Hines* suit and involves essentially the same set of facts. Accordingly, it too is governed by the six-month limitations period adopted in *DelCostello. Creamer v. General Teamsters Local Union 326,* 579 F.Supp. 1284, 1288 (D.Del. 1984).

Likewise, the breach of contract allegations based upon the constitution of the International and the by-laws of Local 6 (Count III) state a claim, if at all, under section 301. Again, this claim arises in a *Vaca-Hines* suit and involves the same facts. Indeed, the provision in the collective bargaining agreement which is relevant to this action substantially parallels the pertinent constitutional provision. Thus, the six-month limitations period properly governs this claim as well.

Application of the six-month limitations period bars Plaintiffs' action. In this regard, we find that the statute of limitations began to run when the Unions denied their grievances on November 24, 1982. It should have become apparent to Plaintiffs by that time that further appeals to the Unions would be futile. *See Scott v. Local 863, International Brotherhood of Teamsters,* 725 F.2d 226, 229 (3d Cir.1984) (the statute of limitations begins to run when it becomes apparent or should have become apparent that further internal union appeals would be futile). The NLRB charge, filed by Plaintiffs against the Unions on November 24, reinforces our finding. The charge plainly illustrates that Plaintiffs realized the futility of further appeals to the Unions for assistance in connection with

their failure to be recalled to the Shippingport job. Therefore, their cause of action accrued, and the statute of limitations began to run, on November 24, 1982. *See Metz v. Tootsie Roll Indus., Inc.,* 715 F.2d 299, 303 n. 7 (7th Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984) ("the point at which the cause of action would normally accrue is the same point at which a statute of limitations would begin to run") (dictum). Since Plaintiffs filed this suit more than six months later, their action is time-barred.

Plaintiffs argue that the statute of limitations has not even begun to run because the Unions have continued their alleged practice of failing to adequately represent them.

■ We hold that Plaintiffs' argument is without merit. Again, it became apparent or should have become apparent to Plaintiffs on November 24, 1982 that the Unions would not pursue the matter any further. *See Scott v. Local 863, International Brotherhood of Teamsters, supra.* We presume that Plaintiffs filed their NLRB charge against the Unions for that very reason. Thus, we reject Plaintiffs' "continuing violation" argument.

■ Plaintiffs have offered no explanation for the delay of almost one year before the filing of the instant action. They contend that they did comply with *DelCostello* by filing their NLRB charge within the six months limitations period. The filing of an NLRB charge, however, does not satisfy the statute of limitations for the filing of an action in federal court nor does the NLRB charge or NLRB proceedings toll the time period for filing the federal court action. *Nicely v. United States Steel Corp.,* 574 F.Supp. 184, 187–88 (W.D.Pa. 1983). *See also June v. Secretary of the Navy,* 557 F.Supp. 144, 148 (M.D.Pa.1982) ("Tolling is appropriate only when the existence of administrative relief 'prevents the pursuit or exercise' of judicial remedies"); *Corson v. First Jersey Securities, Inc.,* 537 F.Supp. 1263, 1268 (D.N.J.1982) ("Where administrative and judicial reme-

dies are separate and distinct, tolling would be inappropriate").

We note that Plaintiffs allege in Count IV that Defendants discriminated against them in violation of sections 7 and 8, 29 U.S.C. §§ 157 and 158. This Court, however, does not enforce those statutory sections. In other words, this Court does not have jurisdiction over a cause of action brought directly under those statutory provisions. Rather, the NLRB enforces those provisions with rights of appeal or enforcement directly to the U.S. Circuit Court of Appeals. Thus, it is possible that Count IV could also be dismissed for failure to state a claim or for lack of jurisdiction. For purposes of this Motion, however, we shall only dismiss Count IV on the ground of untimeliness. Plaintiffs' allegations of discrimination in Count IV could conceivably be considered factual allegations made in support of their claim of breach of the Unions' duty of fair representation set forth in Count V. *See Vaca v. Sipes, supra* 386 U.S. at 190, 87 S.Ct. at 916 ("A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, *discriminatory,* or in bad faith") (emphasis added). Therefore, we shall consider both counts together as a claim that the Unions breached their duty of fair representation and dismiss both counts as to these Defendants under the six-month limitations period.

Defendants have also raised an "exhaustion of remedies" problem with respect to the breach of contract allegations concerning travel pay in Count VI. Plaintiffs contend that they attempted to grieve the matters of travel pay "frequently *over the years,* but the movants did nothing." *See* Plaintiffs' Brief at 10 (emphasis added). This statement certainly indicates to the Court that even if there is no exhaustion problem, this claim is time-barred under the six-month limitations period.

■ Finally, regardless of the statute of limitations, this Complaint would have to be dismissed as against Defendant Carmen Williams, at least to the extent that Plain-

tiffs seek money damages, because an individual, other than an individual employer, cannot be held personally liable for damages under section 301. *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 248–49, 82 S.Ct. 1318, 1324–25, 8 L.Ed.2d 462 (1962). *See also Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.2d 372, 377–78 (3d Cir. 1981), *cert. denied*, 454 U.S. 1143, 102 S.Ct. 1003, 71 L.Ed.2d 295 (1982).

Accordingly, we grant the Motion for Summary Judgment filed by the International, Local 6 and Carmen Williams.