**Michael KINDNESS, Plaintiff,**

v.

**BETHLEHEM STEEL CORPORATION; Donald J. Spang and Robert A. Yohe, Defendants.**

Civ. A. No. 86–1634.

United States District Court, M.D. Pennsylvania.

Nov. 9, 1987.

Michael Kindness, Harrisburg, Pa., pro se.

Mary Jane Forbes, Jason S. Shapiro, McNees, Wallace & Nurick, Harrisburg, Pa., for Donald Spang, Robert A. Yohe, and Bethlehem Steel Corp.

## MEMORANDUM

RAMBO, District Judge.

### Factual Background

The undisputed facts are as follows. At all times relevant to this action plaintiff was employed as a millwright by Bethlehem Steel Corporation ("the corporation") at the corporation's Steelton plant in Steelton, Pennsylvania. Defendants Robert A. Yohe and Donald J. Spang were employed as managers at the corporation's Steelton plant.

Plaintiff's employment was governed by a collective bargaining agreement, dated March 1, 1983, to which plaintiff's union, the United Steelworkers of America, Local Union No. 1688 ("the Union"), and the corporation were parties.

On August 16, 1984, Spang was told by Yohe of an alleged incident of fighting between plaintiff and another employee, Clarence White. Allegedly, plaintiff grabbed White's head in a hammerlock hold, injuring White's right eye and damaging his eye glasses. At the conclusion of

the corporation's investigation, plaintiff was notified, in accordance with the requirements of the bargaining agreement, of management's decision to suspend him with intent to discharge him.[1] Plaintiff informed Spang, by written notice, he would appeal management's decision. Plaintiff was then sent a letter which stated the reasons for his discharge.

A discharge hearing was conducted on August 31, 1984 before a hearing officer. Plaintiff, the Union and Spang were in attendance. The hearing officer, in a memorandum to Spang dated September 5, 1984, recommended plaintiff not be discharged but suspended for thirty (30) days without pay. Management adopted this recommendation, and notified plaintiff in writing on or about September 6, 1984.

The Union filed a grievance on behalf of plaintiff on or about September 10, 1984. Plaintiff was represented by the Union throughout. Plaintiff's grievance was ultimately denied, and the Union appealed plaintiff's grievance to arbitration.

The arbitration hearing was held on January 20, 1986 before an umpire. Plaintiff was represented by the Union and the Union was represented by counsel. Spang and Yohe testified as to what they learned during the investigation of the alleged altercation. Plaintiff testified, and there were various documents presented as well.

On May 22, 1986 the umpire issued his ruling in favor of the corporation, upholding plaintiff's suspension and denying his grievance. Under the collective bargaining agreement, the umpire's decision is final and binding on the corporation, the Union, and the employee.

### Procedural Background

Plaintiff filed a suit, *pro se*, against Spang and Yohe in the Court of Common Pleas of Dauphin County, Pennsylvania, wherein he alleged they defamed him at the discharge hearing of August 31, 1984. Spang and Yohe removed the action to this court, and plaintiff's subsequent petition

1. There is no dispute the bargaining agreement's technical requirements were met at all stages of the hearing and grievance proceedings.

for remand was denied. Spang and Yohe filed and briefed a motion for summary judgment, and plaintiff filed a brief in opposition. Plaintiff filed a motion to file a first amended complaint. Spang and Yohe did not oppose the motion, but filed a brief in response to it. Therein, they indicated their summary judgment motion should not be deemed withdrawn if the court permitted plaintiff to file the proposed amended complaint because, they contended, the amended complaint would not in anyway affect their summary judgment motion.

The court granted plaintiff's motion to file a first amended complaint. The amended complaint realleged the defamation charges against Spang and Yohe and added as party defendants the corporation and the Union. Plaintiff alleged, although not in so many words, a cause of action against the corporation for wrongful suspension after an inadequate investigation and a corrupt hearing. Plaintiff alleged a cause of action against the Union for breach of their duty of fair representation.

The Union filed a motion to dismiss with prejudice on limitations grounds. In granting the Union's motion and ordering the Union removed from the action, the court found plaintiff failed to satisfy the relation back requirements for amended complaints as set forth in Rule 15(c) of the Federal Rules of Civil Procedure. *See* this court's order and memorandum dated October 2, 1987.

The court now addresses Spang and Yohe's motion for summary judgment. Mindful of the unusual procedural posture of this summary judgment motion, the court is disposing of the motion on its merits because, as defendants assert in their response to plaintiff's motion to file an amended complaint, the amended complaint in no way affects the grounds asserted by defendants for summary judgment. Therefore, disposition of this motion is deemed a disposition on a motion for summary judgment as to the amended complaint.

*Discussion*

Defendants put forth a number of grounds to support their contention that as a matter of law summary judgment should be granted in their favor. These grounds are: (1) the defamation and breach of contract claims are preempted by federal labor law; (2) the arbitration decision is final, binding and unappealable; (3) plaintiff has failed to plead the Union breached its duty of fair representation (an indispensable predicate for a § 301 action); (4) statute of limitations bars this action; (5) individuals, other than individual employers, cannot be held personally liable for damages under § 301; (6) defendants enjoy absolute or privileged immunity because their alleged defamatory statements were made in the course of a hearing conducted pursuant to the collective bargaining agreement; (7) plaintiff consented to the statements allegedly made due to his membership in the Union and the terms of the collective bargaining agreement; and (8) the alleged statements were not defamatory and not made with actual malice.

Although plaintiff brought this action against Spang and Yohe as a state tort defamation claim, it was adjudged plaintiff's claim be recharacterized as a claim brought pursuant to § 301 of the Labor Management Relations Act. 29 U.S.C. § 185 ("§ 301"). *See* this court's May 19, 1987 order and memorandum denying plaintiff's petition to remand. There is no dispute Spang and Yohe made the alleged defamatory statements during a grievance proceeding provided for in the collective bargaining agreement. They participated in the proceeding in their official capacities as employee/managers of the corporation and not as private individuals. Thus, the threshold question is whether Spang and Yohe can be sued as individuals under § 301.

The statute itself is silent on that question and there is a dearth of case law directly on point. On a closely related point, however, the law is very clear individuals cannot be liable for money damages under a § 301 action. Courts have conclusively addressed the issue of whether indi-

vidual union members can be sued for damages in their individual capacities under § 301.

In the leading case *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 249, 82 S.Ct. 1318, 1325, 8 L.Ed.2d 462 (1962), the Court ruled individual members of a union could not be liable for damages if the union is liable because of its breach of the collective bargaining agreement. The Third Circuit Court of Appeals, following *Atkinson,* held individual union members were not liable to the employer for the activities of their union. The court stated, "[w]here the individual member liability sought to be imposed grows out of activities on behalf of a union with which the plaintiff has a bargaining relationship, ... *Atkinson* ... appl[ies]." *Wilkes-Barre Pub. v. Newspaper Guild of Wilkes-Barre*, 647 F.2d 372, 377 (1981).

In a Western District of Pennsylvania case, one issue facing the court was whether individual employees could sue individual members of the union. The court, in dismissing the complaint as to the individuals, cited *Atkinson* and *Wilkes-Barre* and stated unequivocally, "an individual, other than an individual employer, cannot be held personally liable for damages under section 301." *Bey v. Williams*, 590 F.Supp. 1150, 1155 (W.D.Pa.1984), *aff'd*, 782 F.2d 1026 (3d Cir.1986).

The court finds the instant case very close in kind to the cases discussed. In fact, the language employed by the *Wilkes-Barre* court is quite appropriate for the situation here: the liability sought to be imposed on Spang and Yohe was born of their activities on behalf of the corporation and in compliance with the bargaining agreement. Therefore, they are not personally accountable to plaintiff for money damages.

Since plaintiff does not seek equitable relief from Spang and Yohe, and since there is no genuine issue of material fact, Spang and Yohe are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).