**John DERAY, Plaintiff,**

v.

**Russ LARSON, et al, Defendants.**

**No. CIVA3:02–CV–2139 (JCH).**

United States District Court,
D. Connecticut.

Sept. 16, 2003.

John B. DeRay, pro se, West Hartford, for Plaintiff.

Edward J. Dempsey, United Technologies Corp., Hartford, CT, Robert Matisoff, Keith R. Bolek, O'Donoghue & O'Donoghue, Washington, DC, J. William Gagne, Jr., J. William Gagne & Assoc., Wethersfield, CT, for Defendants.

### RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 9]

HALL, District Judge.

Defendants Russ Larson, Jeff Hastings, and Ernest Lowe ("defendants") move this court to dismiss plaintiff John DeRay's claims against them for failure to state a claim on which relief can be granted. Fed. R.Civ.P. 12(b)(6). For the following reasons, their motion is granted.

### I. BACKGROUND

DeRay, a Connecticut citizen, was hired by the Otis Elevator Company as an elevator mechanic in May 2001. Otis terminated his employment on February 6, 2002, purportedly for failure to wear a safety harness in accordance with Otis's safety requirements.

DeRay alleges that his termination was actually in retaliation for a grievance that he had filed against his supervisor, Larson. According to the complaint, which the court must take as true for purposes of evaluating a motion to dismiss, DeRay was assigned to the Mohegan Sun casino to observe the repair of an elevator hoist that had recently malfunctioned, causing an Otis employee to fall to his death. DeRay talked to an Occupational Safety and Health Administration ("OSHA") representative about the accident, and wrote an unofficial report concerning the hoist malfunction. He sent copies to OSHA, and to International Union of Elevator Constructors Local 91 business representative Dominic Accarpio. According to DeRay, Larson later reprimanded him for the report.

Larson also verbally issued a construction site harness requirement for elevator operators employed by Otis. DeRay disputed the usefulness of the requirement, arguing that there was nothing to which he could hook the harness. He spoke with union representative Accarpio, who promised him that he would set the matter straight. The plaintiff accordingly agreed to abide temporarily by the policy. When it appeared to the plaintiff that Accarpio had not followed through on his promise to rectify the problem, and after an alleged confrontation with Larson, the plaintiff stopped wearing the harness and filed a December 10, 2002 grievance against Larson, which was received by Hastings, Otis' regional director. The grievance committee failed or refused to hear the grievance, and Larson terminated the plaintiff on February 6, 2002, for violation of the safety policy.

DeRay filed a second grievance disputing the interpretation of the safety policy and his termination. Accarpio failed or refused to represent the plaintiff regarding the grievance. DeRay addressed the Local 91 executive board about the grievance, as well as regional director Koerbel.

On the advice of Koerbel, he then wrote a letter to Otis labor relations on May 30, 2001. Otis labor representative Lowe replied to plaintiff in a letter dated June 4, 2002, stating that DeRay's grievance letters had been reviewed, and that Otis representatives had determined that the plaintiff's termination was justified.

The plaintiff filed this pro se suit on December 4, 2002. He alleges claims against Larson, Hastings, Lowe, Koerbel, and Accarpio, in their "official capacities," as well as against Otis and the International Union of Elevator Constructors.

## II. DISCUSSION

### A. Standard of Review

■ The court begins by noting that, "[s]ince most pro se plaintiffs lack familiarity with the formalities of pleading requirements, we must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel .... In order to justify dismissal of the plaintiff['s] pro se complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–140 (2d Cir.2000) (citations, footnote, and internal quotation marks omitted). In evaluating the plaintiffs' complaint, the court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in [the plaintiff's] favor." *Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir.2000) (citations omit-

ted). The "court must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest." *Id.* at 597. However, "bald assertions and conclusions of law will not suffice to state a claim." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000), *abrogated on other grounds, Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (internal citations omitted).

### B. Hybrid 301 Claim

■ Plaintiff's complaint alleges two claims: first, that he was terminated in violation of the "Otis Elevator Company Agreement With International Union of Elevator Constructors," and second, that union representatives Accarpio and Koerbel failed to or refused to represent him with regards to his grievance as required by the same agreement. Defendants argue that this states a "classic hybrid section 301/fair representation suit" under the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, alleging both that the employer breached a collective bargaining agreement and that the union breached its duty of fair representation.[1]

#### 1. "Official Capacity" Claims

■ As an initial matter, DeRay sues Larson, Hastings, and Lowe in their "official" capacities only, thus pursuing them only as representatives of Otis. While such official capacity suits are necessary when the defendants are government officers

---

1. DeRay's complaint invokes the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983 as the basis for the court's jurisdiction. But he does not allege that any of the defendants were acting under the color of state law, or provide any facts from which the court could draw such an inference. Because the Constitution does not regulate private conduct, and because section 1983 explicitly reaches only action "under the color of state law," DeRay does not state a valid constitutional claim or properly invoke section 1983. *See generally Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982) (holding that the Fourteenth Amendment's state action requirement is identical to the "color of state law" requirement of section 1983).

and their state or federal employer has sovereign immunity, a plaintiff who sues a private entity does not contend with a sovereign immunity bar to suit, and thus does not need an official capacity suit to circumvent that immunity. As a result, it is unnecessary to allow a claim against a defendant in his or her official capacity when the entity of which he is an official is capable of being sued directly. *Cf. Coddington v. Adelphi Univ.*, 45 F.Supp.2d 211, 214 (E.D.N.Y.1999)(dismissing official capacity suit under the ADA). Thus, the claims against the individual Otis defendants in their official capacities are dismissed.

### 2. Section 301 Claims Against Individual Otis Defendants

Furthermore, defendants argue that the individual defendants like Otis employees Hastings, Lowe, and Larson, are not proper defendants in a hybrid section 301 action. Though there is a paucity of case law directly on point, the balance of authority supports dismissal on this ground.

█ Section 301 of the LMRA provides for federal jurisdiction over suits for violation of contracts between an employer and a labor organization. In order to provide recourse for the employee when the union breaches its duty of fair representation in a grievance or other proceeding, the Supreme Court has held that an employee may bring suit against both the union and the employer. *See Smith v. Evening News Assoc.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Carrion v. Enter., Assoc.*, 227 F.3d 29, 33 (2d Cir. 2000). "To establish a hybrid 301/DFR claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation."

*White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir.2001). Section 301 governs the employer's duty to honor a collective bargaining agreement, and the duty of fair representation is implied from 9(a) of the National Labor Relations Act ("NLRA"). *Id.* at 179 n. 4. Under this theory, the plaintiff "may sue the union or the employer, or both, but must allege violations on the part of both." *Id.* at 179.

In its 1976 *Hines* decision, the Supreme Court broadly stated that "[s]ection 301 contemplates suits by and against individual employees as well as between unions and employers." 424 U.S. at 562, 96 S.Ct. 1048. However, few courts have reached the question of whether section 301 allows suits by an employee against managers of the employer, and the courts that have considered it have concluded that it does not. *See Hinson v. Depository Trust Co.*, 1997 WL 16052 at *4 (S.D.N.Y. Jan.16, 1997) (dismissing claims against both union and employer individual defendants for lack of jurisdiction); *Kindness v. Bethlehem Steel Corp.*, 716 F.Supp. 1538, 1540–41 (M.D.Pa.1987). *See also Bey v. Williams*, 590 F.Supp. 1150, 1155 (W.D.Pa. 1984), *aff'd*, 782 F.2d 1026 (3d Cir.1986).

Moreover, since its decision in *Hines*, which on its facts dealt only with suits by, not against, employees, the Supreme Court has found that section 301 does not allow an employer to sue individual union employees, even if those employees strike without the approval of the union and the employer is thus left without a remedy. *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 407–07, 412–13, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981) (holding that Congress meant to exclude individual strikers from damages liability, whether or not they were authorized by their union to strike); *see also Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 248, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). Lower courts have

interpreted this ruling to also bar suits by employees for damages against individual union members; for instance, the Second Circuit has suggested that individual union officers can be liable to employee union members only for equitable relief. *See Shea v. McCarthy*, 953 F.2d 29, 32 (2d Cir.1992) (discussing action by union members against union officials for violation of union constitution). One circuit court of appeals described *Complete Auto Transit* as holding that "neither employers nor unions may sue individual employees in damage suits." *United Food and Commercial Workers Local 951 v. Mulder*, 31 F.3d 365, 370 (6th Cir.1994) (dismissing claims against non-member employees). *See also Central Operating Co. v. Utility Workers of Am., AFL–CIO*, 491 F.2d 245, 253 (4th Cir.1974).

■ Courts have also emphasized that section 301 litigants and defendants must be party to the contract in question. *See, e.g., Abrams v. Carrier Corp.*, 434 F.2d 1234 (2d.Cir.1970); *Tr. of the Health and Welfare and the Pension Funds of the Four Joint Bds. v. Schlesinger Bros., Inc.*, 931 F.Supp. 204, 208 (S.D.N.Y.1996). While an employee, as a third-party beneficiary of the employer-employee contract, may be a plaintiff, courts have held that defendants must be signatories to the contract itself for the federal court to exercise jurisdiction. *See Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.*, 690 F.2d 489, 500–02 (5th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983); *Haspel v. Bonnaz, Singer & Hand Embroiderers*, Local 66, 216 F.2d 192 (2d Cir.1954), *aff'g and adopting* 112 F.Supp. 944 945 (S.D.N.Y. 1953); *Mason Tenders Dist. Council Welfare Fund v. Dalton*, 648 F.Supp. 1309, 1310 n. 1 (S.D.N.Y.1986), *vacated by settlement*, 1987 WL 5808 (S.D.N.Y. Jan.16, 1987); *Bannerjee v. Papadakis*, 583 F.Supp. 757, 760 (E.D.N.Y.1984).

■ Larson, Hastings, and Lowe are agents of a party to the contract. However, in addressing the closely related question of suits against union members, courts have found that the union itself, not its agents, is the proper defendant in actions involving breach of the duty of fair representation. By implication, the employer, not its agents, is the proper defendant in a section 301 action alleging breach by the employer of a collective bargaining agreement.

■ Because defendants Larson, Hastings, and Lowe are not themselves parties to the collective bargaining agreement; because these defendants are sued in their "official capacity"; and, in light of the Supreme Court's refusal in *Atkinson* and *Complete Auto Transit* to allow suit against individuals, other than individual employers, under section 301, the court agrees with the other courts that have examined the issue: hybrid section 301/fair representation claims against individual defendants who are employees/ agents of the employer fail to state a claim on which relief can be granted.

As a final matter, the court notes that DeRay states no allegations against Hastings, but only identifies him as Otis's Regional Director. This provides yet another reason that the plaintiff's claims as to him should be dismissed.

### III. CONCLUSION

Defendants' motion to dismiss plaintiff's claims against Larson, Hastings, and Lowe in their official capacities for failure to state a claim pursuant to Rule 12(b)(6) [Dkt. No. 9] is GRANTED. Because the plaintiff is pro se, the court grants him leave to replead by October 6, 2003, if he can plead claims against Larson, Hastings,

and Lowe, provided that such repled claims "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law on the establishment of new law." Fed.R.Civ.P. 11(b)(2).

**SO ORDERED.**